RECEIVED

JUN 2 2 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| LAMBERT PHILLIPS, JR.<br>  Plaintiff/Intervenor-defendant<br>LIBERTY MUTUAL INS. CO.<br>GENERAL MARINE LEASING LLC<br>  Intervenor-plaintiffs/Counter-defendant | CIVIL ACTION NO. 03-1984 |
| VS. | JUDGE DOHERTY |
| WILLIAMS FIELD SERVICES GULF COAST CO.<br>  Defendant/Intervenor-defendant/Third party plaintiff/Counter-claimant/Cross-defendant<br>TOTAL E&P USA, INC.<br>  Third party defendant/Cross-claimant | MAGISTRATE JUDGE METHVIN |

## RULING ON MOTION TO COMPEL

Before the court is the Motion to Compel filed by General Marine Leasing ("GML").[1] Williams Field Services Gulf Coast Company ("Williams") and Total E&P USA, Inc. ("Total") filed an opposition.[2] GML filed a supplemental memorandum in support and Williams and Total filed a supplemental opposition.[3]

### *Background*

On October 25, 2002, Lambert Phillips ("Phillips") was working for GML on a platform owned by Williams when he slipped and injured himself. Phillips sued Williams for his injuries. Williams tendered its defense to Total, who is a producer on the platform. Williams' claim for defense and indemnity arises from the Canyon Express Pipeline Production Handling Agreement ("PHA") entered into by Total and Williams.[4] Total tendered the defense to GML pursuant to a Master Service Agreement ("MSA") entered into in 2001 by GML and Total in which GML

---

[1] Rec. Doc. 74.

[2] Rec. Doc. 84.

[3] Rec. Doc. 104, 105.

[4] In addition to Total there are six other producers who operate under the PHA.

agreed to provide catering services to Total on the Williams' platform and agreed to provide defense and indemnity to Total and its contractors for claims brought by GML's employees, such as Phillips.

GML denied the request to indemnify Williams. GML maintained that the MSA and PHA create multiple obligations by multiple obligors for the indemnity of Williams, and therefore, all parties to the PHA (the seven producers) are equally obligated to provide defense and indemnity to Williams. On April 21, 2006, District Judge Doherty rejected GML's argument that the language of the PHA is relevant to its obligations to Total and Williams:

> ***GML's obligation to indemnify Williams arises not because of a separate agreement between Total and Williams or Total and any other producer, but because of GML's express undertaking to make good to Williams for all such losses associated with claims by GML's employees. Total acting as a conduit did not alter that obligation. GML's obligation arises directly from the MSA, not through the PHA or any other contract between Total and the other producers. The PHA and any other contract between Total and other producers are completely irrelevant to GML's express undertaking under the MSA to indemnify Total and its contractors.[5]

On April 21, 2006, Judge Doherty granted Williams' and Total's Motion for Summary Judgment, finding that the MSA between Total and GML required GML to indemnify both Total and its contractor Williams.[6]

### *Legal Analysis*

Prior to the Ruling on the Motion for Summary Judgment, GML propounded Requests for Production of Documents on Total and Williams, seeking production of all contractual documents among the seven producers (Request Nos. 4 and 5), documents reflecting how Total charged and received payment from the other six producers (Request No. 7), and copies of all

---

[5] Rec. Doc. 97, p. 10.

[6] Rec. Doc. 97, 98.

policies of insurance issued to the producers which insured them for any judgment that may be entered in this matter (Request No. 13). Total and Williams objected to the discovery requests. GML filed a Motion to Compel[7], arguing that the information was relevant to GML's argument that it is entitled to offset its obligations owed to Williams by the obligations owed by the producers.

Judge Doherty referred the motion to the undersigned after ruling on the Motion for Summary Judgment. On May 17, 2006, the undersigned issued an order requiring the parties to file supplemental briefs on the Motion to Compel in light of Judge Doherty's ruling granting summary judgment.[8] GML filed a supplemental brief on May 24 and Total and Williams filed supplemental opposition briefs on June 5, 2006.[9]

GML's supplemental memorandum argues that the "contractual arrangement among the Producers (all of whom owe contractual defense and indemnity to Williams, in addition to GML) is relevant to determine how much GML may owe to Williams (or Total) by way of attorney's fees and costs."[10] GML also argues that the documents showing how Total billed and received reimbursement from the other producers is relevant to how much Total paid to Williams in the settlement it reached with Williams and for Williams' attorney's fees. GML maintains that the insurance policy providing insurance to all of the producers is discoverable because the Federal Rules of Civil Procedure itemizes insurance polices as such.

---

[7] In addition to the information discussed above, the Motion to Compel also sought responses to Request No. 3 and Interrogatory No. 2. In the Court Ordered Memorandum Regarding Motion to Compel, GML withdrew the motion insofar as it relates to Request No. 3 and Interrogatory No. 2.

[8] Rec. Doc. 103.

[9] Rec. Doc. 104 and 105.

[10] Rec. Doc. 104, p. 2.

Total and Williams oppose the motion as follows:

> GML's motion to compel, even as supplemented, presents issues no different than those rejected by Judge Doherty. The contracts and accounting documents between Total and the other producers, as well as other parties' insurance contracts, are irrelevant to GML's obligation to have assumed the defense obligation in this case. "GML's obligation arises directly from the MSA, not through the PHA or any contract between Total and the other producers." [Citing the April 21, 2006 Ruling] The same holds true for even more attenuated documents, such as accounting documents between Total and the other producers as well as the companies' insurance policies. This Court has found as a matter of law that the only contract relevant to GML's defense and indemnity obligations is the MSA. GML's motion to compel other, irrelevant documents should therefore be denied.[11]

Fed. R. Civ. P. 26(b)(1) provides that information relevant to the claim or defense of a party is discoverable. GML's argument that its obligation to indemnify Williams arises from the PHA and therefore GML is entitled to offset its obligation by the obligations owed by the other producers was rejected by Judge Doherty. Judge Doherty specifically found that the contract that gave rise to GML's indemnity obligations is the MSA between GML and Total, not the PHA or any other contract between Total and the other producers. Moreover, Judge Doherty deemed the PHA and any other contract aside from the MSA "completely irrelevant" to GML's obligation to indemnify Total and its contractors.

Additionally, GML fails to show how the information requested is relevant to its obligation to indemnify Total under the MSA. The documents concerning the other producers do not involve the obligation assumed by GML as it relates to Total, nor has GML otherwise shown how the information requested is relevant in light of Judge Doherty's ruling. Accordingly, I conclude that the discovery requests irrelevant information.

---

[11] Rec. Doc. 105, p. 2.

## *Conclusion*

Considering the foregoing,

**IT IS ORDERED** that the Motion to Compel filed by GML is **DENIED**.

Signed at Lafayette, Louisiana on this __22__ day of June, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140-phone   (337) 593-5155-Fax